UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THE UNITED STATES LIFE INSURANCE COMPANY IN THE CITY OF NEW YORK, Plaintiff | ) | C.A. No. 08- CA 08 001 ML |
| v. | ) | |
| DANIEL LAPLANTE, Defendant | ) | |

COMPLAINT

1. Plaintiff is a corporation formed under the laws of the State of New York and headquartered in New York City, New York.

2. Defendant is, upon information and belief, a resident of the State of Rhode Island.

3. Jurisdiction over this matter is vested in this Court pursuant to 28 U.S.C. §1331, 29 U.S.C. §1132(e) and 28 U.S.C. §1332.

4. This Court is the correct venue for this action pursuant to 28 U.S.C. §1391(a) and (b) insomuch as the defendant is a resident of this judicial district, and a substantial part of the events or omissions giving rise to the claim occurred in this district and a substantial part of the property that is the subject of this action is situated in this district.

Count One

5. Repeats and realleges the allegations of paragraphs one through four.

6. Defendant was, at all relevant times, a participant and/or beneficiary of an employee welfare benefit plan (the "Plan") sponsored and maintained by the Amalgamated Transit Union 618.

7. The Plan was at all relevant times subject to and regulated by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001-1461 ("ERISA").

8. Disability benefits under the Plan are funded by a group long term disability ("LTD") insurance policy underwritten by plaintiff.

9. Defendant began receiving monthly LTD benefits under the Plan of approximately $2,035.28 on or about September 26, 2003.

10. The Plan provides, in part:

> Each monthly benefit will be reduced by the sum of any income you receive that month from:
> . . .
> · the Federal Social Security Act . . . .

11. The Plan further provides:

> Benefits provided to your dependants by reason of your disability or retirement will be considered to be provided to you.

12. On April 2, 2005 defendant executed an Agreement Concerning Benefits ("Agreement"). The Agreement provides, in part:

> For valuable consideration set forth herein, the [United States Life Insurance Company in the City of New York] and I agree as follows:
>
> 1. The policy under which I am insured provides that disability benefits will be reduced by Pension/Retirement/Social Security/Worker's Compensation benefits, which are provided to Me or for which I am eligible. Benefits provided to My dependents by reason of My disability or retirement will be considered to be provided to Me. The Insurer is entitled, under the Policy, to estimate any Pension/Retirement/Social Security/Worker's Compensation benefits my dependents and I may be eligible to receive and reduce my monthly benefit by a corresponding amount, pending the final determination of my Pension/Retirement/Social Security/Worker's Compensation application.
>
> . . .
>
> 3. While a decision concerning my benefits from Pension/ Retirement/Social Security/Worker's Compensation is pending, I elect to:
>
> Indicate your election by checking #A or #B below

( ) A. Have my monthly disability benefit payment reduced by an estimated amount of Pension/Retirement/Social Security/Worker's Compensation benefits. When I provide the Insurer with proof of the amount awarded, the monthly policy benefit amount will be adjusted and determination of any underpayment or overpayment will be made at that time. If the final decision from Pension/Retirement/Social Security/ Worker's Compensation is a benefits denial, the estimated offset amount will be returned to Me in a lump sum.

(X) B. Receive my monthly disability benefit with no estimated reduction for benefits from Pension/Retirement/ Social Security/Worker's Compensation. I understand that this may result in an overpayment of my disability claim, and I agree to reimburse any overpayment in full immediately following receipt of award for said benefits. If for any reason the overpayment is not immediately paid in full, then I agree to reduce my monthly benefit below the minimum monthly benefit stated in my Certificate of Insurance until the overpayment is reimbursed in full.

. . .

5. By electing Option 3(B) listed above, I understand that the Insurer, under a reservation of its rights, is agreeing not to take this estimated offset. In return, I also agree that if I don't repay promptly any overpayment caused by a Pension/Retirement/ Social Security/Worker's Compensation award to Me, the Insurer shall be entitled, in addition to its rights under Option 3(B) above and the Policy, to:

(A) Impose a constructive trust on any Pension/Retirement/ Social Security/Worker's Compensation lump sum award to recover this overpayment; and

(B) Sue me for breach of this agreement to be restored to the Insurer's rightful position with respect to the correct net payments due to Me.

13. Defendant, while receiving full LTD benefits payable under the Plan, received a retroactive award of primary and family disability benefits under the Social Security Act ("SSDI benefits"). Defendant continues to receive monthly SSDI benefits, for himself and on behalf of his dependents, of approximately $1,849.

14. Defendant's receipt of social security disability benefits resulted in an overpayment of LTD benefits.

15. Plaintiff has made repeated demands for the defendant to refund the LTD overpayment.

16. Defendant has refused to pay amounts due and payable to plaintiff under the terms of the Plan.

17. Pursuant to the Agreement, plaintiff has withheld the LTD benefits payable under the Plan since the award of SSDI benefits and applied the amounts withheld to reduce the amount defendant's indebtedness due to the LTD overpayment.

18. Notwithstanding plaintiff's withholding of defendant's benefits, defendant remains indebted to plaintiff due to the overpayment of LTD benefits in the amount of approximately $75,000.00.

WHEREFORE, plaintiff demands:

a. Judgment against defendant for the full amount of the LTD overpayment balance plus interest, costs and attorney's fees.

b. Such further relief as the Court may deem appropriate.

Timothy M. Bliss

Brooks R. Magratten, No. 3585
Timothy M. Bliss, No. 6228
VETTER & WHITE
Attorneys for Plaintiff The United States Life Insurance Company in the City of New York
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bmagratten@vetterandwhite.com
tbliss@vetterandwhite.com

Dated: January 2 , 2008