UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THE UNITED STATES LIFE INSURANCE COMPANY IN THE CITY OF NEW YORK, Plaintiff | ) | C.A. No. 08-001/ML |
| v. | ) | |
| DANIEL LAPLANTE, Defendant | ) | |

**AFFIDAVIT OF MARTHA TOWLE IN SUPPORT OF APPLICATION FOR DEFAULT JUDGMENT**

I, Martha Towle, being duly sworn, states:

1. I am over the age of 18 years and am a resident of Gorham, Maine. I have personal knowledge of the matters stated in this affidavit and, if called as a witness, could and would competently testify thereto.

2. I have been employed by Disability Reinsurance Management Services, Inc. ("Disability RMS") since October, 2000. I am currently employed as a Claims Examiner at Disability RMS. In this capacity, I am responsible for claims administration for Daniel LaPlante.

3. Disability RMS was retained by The United States Life Insurance Company in the City of New York to serve as a third-party administrator of long-term disability insurance ("LTD") claims.

4. I am familiar with a claim by Daniel LaPlante ("LaPlante"), administered by Disability RMS, for benefits under a group LTD policy ("Policy") underwritten by The United States Life Insurance Company in the City of New York.

5. Defendant began receiving monthly LTD benefits under the Plan on or about September 26, 2003.

6. The Policy provides that monthly benefits will be reduced by the amount of Social Security benefits received by LaPlante and/or his dependents.

7. On April 2, 2005 LaPlante executed an Agreement Concerning Benefits ("Agreement") in which he stated that he had applied (or would be applying) for Social Security benefits for himself and his dependents. LaPlante acknowledged that the amount of benefits paid to him under the Policy would be reduced by the amount of any Social Security benefits awarded to him and his dependents. He elected, however, to have the full amount of monthly benefits due under the Policy paid to him, without reduction for the anticipated amount of Social Security benefits likely to be awarded to him and his dependents. He agreed to immediately reimburse any overpayment that would result if Social Security benefits were awarded and paid to him and his dependents in the future.

8. Defendant, while receiving full LTD benefits payable under the Plan, received a retroactive award of primary and family disability benefits under the Social Security Act ("SSDI benefits"). Defendant continues to receive monthly SSDI benefits, for himself and on behalf of his dependents, of approximately $1,849.

14. Defendant's receipt of social security disability benefits resulted in an overpayment of LTD benefits.

15. Plaintiff has made repeated demands for the defendant to refund the LTD overpayment.

16. Defendant has refused to pay amounts due and payable to plaintiff under the terms of the Plan.

17. Pursuant to the Agreement, plaintiff has withheld the LTD benefits payable under the Plan since the award of SSDI benefits and applied the amounts withheld to reduce the amount defendant's indebtedness due to the LTD overpayment.

18. Notwithstanding plaintiff's withholding of defendant's benefits, defendant currently remains indebted to plaintiff due to the overpayment of LTD benefits in the amount of $74,530.60.

I declare under penalty of perjury that the foregoing is true and correct.

Martha Towle

Subscribed and sworn to before me this
18th day of March, 2008.

Bonnie R. Guerrette
NOTARY PUBLIC
My Commission Expires 6/4/2011

Bonnie R. Guerrette, Notary Public
State of Maine
My Commission Expires 6/4/2011

CERTIFICATE OF SERVICE

To:

Mr. Daniel LaPlante
92 Brookwood Road
Warwick, RI 02889

I hereby certify that I served on the above-named party a copy of the within Affidavit of Martha Towle by mailing certified mail, return receipt requested, postage prepaid, on the 21st day of March, 2008.

/s/ Timothy M. Bliss